* * * * * * * * * * *
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Deluca and the briefs and arguments of the parties. The appealing parties have not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award, except for minor modifications.
 * * * * * * * * * * *
The Full Commission finds as a fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. That on the date of the injury, March 11, 1999, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The Employer-Employee relationship existed between plaintiff and defendant-employer and the North Carolina Industrial Commission has jurisdiction of the parties and the subject matter. All parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
3. The employer is self insured with Wausau Insurance Company, Plan Administrator.
4. Plaintiff received a compensable injury in the course and scope of her employment on March 11, 1999 when she fell at work.
5. At the time of her fall, plaintiff received injuries to her left upper extremity, right shoulder, neck and back as shown by the medical evidence of record.
6. Plaintiff has been receiving temporary total benefits pursuant to a Form 60 since the date of her injury. At the time of her injury plaintiff's actual average weekly wage was $480.08, generating a compensation rate of $320.07 per week. Plaintiff had been paid since the date of injury at the compensation rate of $241.35 and was due $22,651.00 in back benefits together with a 10% penalty. (This has since been paid pursuant to the Deputy Commissioner's Order of November 29, 2004.)
7. At the hearing, the parties stipulated into evidence a Pre-Trial Agreement and a set of stipulated exhibits that include Industrial Commission forms, documentation of violations found by the Department of Labor, and medical records. Following the hearing, some additional medical records from Dr. Harris were submitted and have been incorporated into the record.
 * * * * * * * * * * *
Based upon all of the competent evidence of record the Full Commission makes the following:
 FINDING OF FACTS
1. At the time of her admittedly compensable injury on March 11, 1999, Ms. Cynthia Faircloth was 50 years old, with a date of birth of January 15, 1949. All of plaintiff's work experience was in jobs that required substantial physical labor. She worked as a stock selector with Purolator. Her job required her to lift items weighing over 50 pounds.
2. While at work on March 11, 1999, plaintiff fell off of a platform approximately five feet off the floor and hit her head and back on the concrete floor. At the time of the accident, the open-sided platform was not guarded by standard railings or the equivalent as required by 29 CFR 1910.23. Additionally, the stairs and floor hole required railings which were not present as required by statute, and/or Federal regulation. The record contains no evidence of prior violations of this type by defendant-employer.
3. Prior to her fall plaintiff had made several requests of her supervisor that railings be placed on the platform and stairway where she fell. The employer was issued four OSHA citations for violations of 29 CFR 1910.23 termed "Serious". The violations were ordered abated and railings were immediately put up by the employer after the accident.
4. At the time of her fall, plaintiff broke several ribs, injured her cervical and lower back, and injured both shoulders, requiring medical attention and several operations to her shoulders and cervical spine. On August 11, 1999, neurosurgeon Kevin A. Vaught did a C5 and C6 corpectomy and at C4-5 and C6-7 discectomies to completely decompress the cervical cord and then a C4 to C7 interbody fusion with instrumentation. Dr. Bradley Broussard operated on both shoulders for rotator cuff and impingement problems. Plaintiff has seen a number of doctors and medical providers since her accident. Around October 2, 2000, Dr. Toni Harris of Eastern Carolina Pain Management took over her care. Plaintiff had severe chronic pain syndrome post operatively. She has had complaints of pain in the past and presently complains of chronic headaches, neck pain and bilateral shoulder pain.
5. Plaintiff has seen Dr. Dennis Sternlight who has treated her for depression related to the loss of her job due to the accident which has been devastating to plaintiff's adjustment and self worth. Her chronic depression is fueled by a deep anger and grief over the loss of her ability to work and take care of herself financially.
6. On November 22, 2000, Dr. Vaught opined that plaintiff could not safely return to any work. On June 27, 2002, Dr. Broussard did not feel Ms. Faircloth could return to any meaningful work.
7. In her deposition, Dr. Harris testified that she did not expect plaintiff to return to work. However, Dr. Harris also testified that from a physical standpoint, plaintiff was probably not totally and permanently disabled. She noted that plaintiff was passive and did not do much to help herself. Concerning restrictions, Dr. Harris opined that plaintiff had a five-pound lifting restriction, should not do overheard work, and should be able to change position frequently.
8. Dr. Harris does not believe that a hot tub and massage therapy are necessary for plaintiff at the present. She does however feel treatment by the psychologist should continue and that the nerve test ordered by Dr. Huffmon should be done. Plaintiff should remain a member of the HealthPlex for the warm pool water, hot tub and other treatment.
 * * * * * * * * * * *
Based on the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. The employer had knowledge that the platform and stairs were not guarded by standard railings. The employer willfully failed to comply with a statutory requirement. Employer's failure to install the railings was in violation of 29 CFR 1910.23 and was cited by OSHA as four "Serious" violations. When injury is caused by the willful failure of the employer to comply with a statutory requirement, compensation shall be increased by ten percent. N.C. Gen. Stat. § 97-12. Whitaker v. Town of Scotland Neck, 357N.C. 552 (2003), is distinguished from this case on the "willfulness" issue in that Whitaker involved defective equipment, whereas the instant case concerns a complete absence of the safety equipment in question, the safety rails.
2. Plaintiff has failed to establish by the greater weight of competent record that she is permanently and totally disabled under N.C. Gen. Stat. § 97-29.
3. Dr. Harris recommendations that plaintiff continue her psychiatric treatment with Dr. Sternlight, that she undergo a nerve block procedure with Dr. Huffmon, and that she have membership in the Healthplex are reasonably intended to effect a cure, give relief, or lessen the period of plaintiff's disability. N.C. Gen. Stat. § 97-25.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. The undersigned finds Dr. Harris' recommendation for plaintiff to have a membership in the Healthplex is reasonable. Therefore, defendants shall pay for plaintiff's membership in the Healthplex.
2. Defendants shall pay all medical expenses resulting from plaintiff's compensable injury for so long as such treatment tends to effect a cure, give relieft or lessen the period of plaintiff's disability, including the recommendations made by Dr. Harris who is the treating physician.
3. Defendant shall pay plaintiff temporary total disability compensation in the amount of $320.07 per week, said amount to be increased 10% as provided by N.C. Gen. Stat. § 97-12 until plaintiff returns to work or until further order of the Commission. Accrued amounts shall be paid in a lump sum to plaintiff and subject to attorney fees as set out herein. Future compensation including the 10% penalty shall be in the amount of $352.07 per week.
4. The accrued amount of compensation as set out above shall be subject to an attorney fee of 1/4 of said amount and shall be deducted and paid directly to counsel plaintiff.
5. Costs shall be paid by the Defendant.
This the 21st day of July 2006
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/________________ BERNADINE BALLANCE COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER